ACCEPTED
12-14-00345-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/11/2015 3:18:54 PM
CATHY LUSK
CLERK

**NO. 12-14-00345-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/11/2015 3:18:54 PM
CATHY S. LUSK
Clerk

FILED
6/11/2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

_____

**REBECCA LYNN BARKER**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

_____

**BRIEF OF APPELLANT**
**REBECCA LYNN BARKER**

_____

**LAW OFFICE OF STEN M. LANGSJOEN**
**P.O. BOX 539**
**TYLER, TEXAS 75710-0539**
**TELEPHONE: (903) 531-0171**
**TELEFAX: (903) 531-0187**
**SBN: 11922800**

*e-mail*: **sten@langsjoenlaw.com**

**ORAL ARGUMENT NOT REQUESTED:**

_____
**STEN M. LANGSJOEN**
**State Bar No. 11922800**
**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

Names of All Parties.................................................................................................iv

Index of Authorities.................................................................................................. v

Index of Abbreviations...........................................................................................vii

Introduction............................................................................................................. 1

Preliminary Statement of the Nature of the Case ..................................................... 2

Statement of Points of Error [*Anders; Gainous*] .................................................... 3

Statement of Facts.................................................................................................... 4

Brief of the Argument............................................................................................... 5

Authority and Argument........................................................................................... 6

WORD Count Certificate ....................................................................................... 16

Prayer .................................................................................................................... 17

Certificate of Service ............................................................................................. 18

Appendix................................................................................................................ 19

# NAMES OF ALL PARTIES

**Parties to this action are**:

Appellant

    Rebecca Lynn Barker, Inmate No.: 01970795
    Mountainview Unit
    2305 Ransom Road
    Gatesville, Texas 76528

Counsel for Appellant

    Sten Langsjoen
    P.O. Box 539
    Tyler, Texas 757510-0539

Appellee

    State of Texas

Counsel for Appellee

    Rachael Patton, District Attorney for Cherokee County
    502 North Main
    Rusk, Texas 75785

**Counsel for the parties before the Trial Court were:**

Counsel for Defendant (Appellant)

    Allen Ross
    P.O. Box 528
    Rusk, Texas 75766

Counsel for State of Texas

Rachael Patton, District Attorney for Cherokee County
502 North Main
Rusk, Texas 75785


# INDEX OF AUTHORITIES

## Cases

Adkinson v. v. State of Texas, 762 S.W.2d 255, 259
(Tex. App. – Beaumont 1988, pet. ref'd) .............................................................. 6

Andres v. California, 386 U.S. 738 (1967)................................................................3

Clewis v. State, 922 S. W. 2d 126, 134 (Tex. Crim. App. 1996)........................... 10

Ex Parte Bratchett, 513 S.W.2d 851 (Tex. Crim. App. 1974)................................13

Ex Parte Burns, 601 S.W. 2d 370, 372 (Tex. Crim. App. 1980).............................13

Gainous v. State of Texas, 436 S.W.2d 137 (Tex. Crim. App. 1969) ........................3

Garcia v. State, 57 S.W.3d at p. 436, 440 (Tex. Crim. App. 2001) ..........................14

Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993)............................ 10

Garza v. State of Texas, 878 S.W.2d 213, 216
(Tex. App. – Corpus Christi 1994, pet. ref'd) ........................................................ 11

Howard v. State, 137 S.W. 3d 281, 285 (Tex. App, 2006, writ ref'd, n.r.e.)........ 10

Howell v. State of Texas, 563 S.W. 2d 933 (Tex. Crim. App.) ...............................13

Jackson v. Virginia, 443 U.S. 307, 319, (1979) ................................................ 10

Wilkerson v. State of Texas, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987) ....... 11

**Statutes/Rules**

Tex. Code Crim. Proc, Art. 19.27 (GJ Challenge)...................................................6

Tex. Code Crim. Proc, Art. 21.02 (Indictment) ......................................................6

Tex. Code Crim. Proc, Art. 26.01 (Arraignment) ...................................................6

Tex. Code Crim. Proc, Art. 26.02 (Arraignment) ...................................................6

Tex. Code Crim. Proc, Art. 26.13 (a) (1) and (4); (b) (Accepting Guilty Plea) ......8

Tex. Code Crim. Proc, Art. 26.14 (Accepting Guilty Plea) .................................. 10

Tex. Code Crim. Proc, Art. 35.07 (Array)..............................................................7

Tex. Code Crim. Proc, Art. 35.17 (Voir Dire) ........................................................7

Tex. Code Crim. Proc, Art. 35.14 (Peremptory Challenge).....................................7

Tex. Code Crim. Proc, Art. 35.25 (Peremptory Challenge).....................................7

Tex. Code Crim. Proc, Art. 37.04 (Verdict).............................................................12

Tex. Code Crim. Proc, Art. 42.01 ......................................................................... 12

Tex. Penal Code, Section, 12.32 (a) (First-Degree Prison Sentence Range) .......2, 12

Tex. Penal Code, Section, 12.32 (a) (First-Degree Fine Range) .............................12

Tex. Penal Code, Section 19.02 (b) (1) (Murder Elements) ......................................2

Tex. Penal Code, Section 19.02 (c) (First-Degree Punishment Range) ...................12

## INDEX OF ABBREVIATIONS

Clerk's Record ................................................................................... CR

Reporter's Record, Volume I .................................................................. RRI

**NO. 12-14-00345-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

_____

**REBBECA LYNN BARKER**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

_____

**BRIEF OF APPELLANT**
**REBECCA LYNN BARKER**

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES REBECCA LYNN BARKER, Appellant in the above-styled and numbered cause and Defendant in the Trial Court, and, by and through appointed Counsel, files this Brief of Appellant and respectfully reports to the Court of Appeals that no reversible errors were found to have been committed by the Trial Court relating to pretrial and evidentiary rulings during trial in Cause Number 19191 in the 2nd Judicial District Court of Cherokee County, Texas, before the

Honorable Judge Bascon Bentley, III, Judge Presiding.

## **PRELIMINARY STATEMENT OF THE NATURE OF THE CASE**

Appellant was charged by indictment for the crime of murder occurring on February 26, 2014, carrying a first-degree felony punishment range.  CR, at p. 15; Tex. Penal Code, §§ 19.02 & 12.32.   The indictment alternatively charged 1) Appellant intentionally or knowing caused the death of an individual (Id., at §19.02 (b) (1)); or 2) Appellant, with intent to cause serious bodily injury, committed an act clearly dangerous to human life that caused the death of an individual.  Id., at §19.02 (b) (2); **Tab A**.  An open plea agreement was approved by the Trial Court and jury selection was completed on the issue of punishment. CR, at pp. 28-29; RRII, at pp. 1/22 – 3/5; 4/15 – 93/24.  After the indictment was read to Appellant in front of the jury, the Trial Court accepted and approved Appellant's plea of "guilty".  RRIII at pp. 5/1 – 12/17. Thereafter followed the State's opening statement (Appellant's Trial Counsel waived an opening statement (RRVIII, at p. 11/18-19)) on punishment and the presentation of evidence from the State and the defense was completed.  RRIII, at pp. 13/18 – 46/10.  The jury assessed a life sentence and a $10,000.00 fine and judgment for same was entered.  RRIII, at pp. 64/21 – 65/3; CR, at pp. 57-59; **Tab C**; **Tab E**.

2

The Trial Court certified that Appellant could seek appellate review of the conviction and sentence, and Appellant timely filed a notice of appeal. CR, at pp. 62-3; 73; **Tab F**; **Tab H**.

## STATEMENT OF POINTS OF ERROR

No reversible points of error were identified following review of the record, and this Brief is submitted in compliance with the tenants of <u>Anders v. California</u>, 386 U.S. 738 (1967) and <u>Gainous v. State of Texas</u>, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel believes, after a review of the record, the subject appeal is frivolous and should be dismissed.

## STATEMENT OF FACTS

On February 26, 2014, law enforcement officers responded to a reported shooting that occurred in the Dialville, Cherokee County Texas, area. RRVIII, at pp. 10/1 – 11/7; 21/15-22. Officers located the dead body of Jerry Barker seated in a recliner in a residence and located Appellant in a despondent state at the scene. Id.

At the scene, officers located a .357 magnum six-shot revolver and recovered bullets from the recliner and from the flooring nearby. Id., at pp. 21/15-22; 25/18 – 26/13; 26/19 – 27/4; 34/20 – 35/25; 39/8-12.

A forensic pathologist conducted the autopsy of the victim to the conclusion that the victim's death was caused by at least one fatal gunshot wound. Id., at pp. 52/1 – 60/25. One of the bullets that struck the victim's chest was delivered at close range (within ~ 3") leaving powder residue on the body. Id.

Appellant confessed to shooting her husband, Mr. Barker.

Mr. Barker was Appellant's second husband and they were together several years prior to the shooting, living in the Dialville, Texas, area, and running a local mercantile store. RRIX, at pp. 11/22 – 16/24; 30/18 – 39/24; 58/12 – 66/6. Prior to the subject fatal shooting, friends of Appellant described her relationship with the decedent as caring but stressed due to financial burdens and suggestions of physical

4

abuse toward Appellant. RRIX, at pp. 11/22 - 16/24; 53/24 – 57/19; 58/12 – 66/6. The decedent's general health problems, exacerbated by injuries he suffered in a riding lawn mower roll-over accident (Id., at pp. 30/18 – 39/24), caused increased anxiety and responsibilities on Appellant in operating the local store and in dealing with the decedent. Id.

Locals having knowledge of Appellant through the store or church generally described her as law abiding, generous and a lover of animals. Id., at pp. 11/22 – 16/24; 21/22 – 24/16; 25/10 – 30/4.

Prior to her marriage to Mr. Barker, Appellant was married to John Osborne and lived with Mr. Osborne in Liberty County, Texas. RRVIII, at pp. 66/1 – 72/24.

In 1996, Liberty County law enforcement officers investigated a shooting wherein John Osborne was shot three times by "Rebecca Osborne". Id., at pp. 66/1 – 72/24. John Osborne survived the shooting, and "Rebecca Osborne" was identified as Appellant. Id.

## BRIEF OF THE ARGUMENT

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel believes the subject appeal is

frivolous and without merit. Appointed Counsel seeks to withdraw here from and has invited response hereto from the Appellant, as described in hereinafter.

## ARGUMENT AND AUTHORITY

Grand Jury & Indictment:

Appellant was indicted for murder with an offense date of February 26, 2014 by a Cherokee Grand Jury on April 28, 2014. CR, at p. 15. The indictment presented alternate theories to support the murder allegation consistent with Sections 19.02 (b) (1) and (b) (1) of the Texas Penal Code. Id.; Tex. Penal Code, §19.02 (b); **Tab A**. The indictment appears to be valid on its face and carries the signature of the purported Foreperson of the Grand Jury. Id.; Tex. Code Crim. Proc., Art 21.02. The record is silent as to any challenge to the composition of the Grand Jury leaving nothing as to the indictment or grand jury for review. Tex. Code Crim. Proc., Art. 19.27.

Arraignment:

An arraignment hearing was held and in open court, Appellant through Counsel confirmed knowledge of the charges, confirmed correct spelling of her name, and entered a plea of not guilty. RRII, at p. 4/5-25; Tex. Code Crim. Proc., Art. 26.01. The proceeding fixed the Appellant's identity and allowed for the

entry of her plea.  Id.; Tex. Code Crim. Proc., Art. 26.02.  The proceeding appears to be regular, and, since no objection was raised, any error regarding deficiencies in the arraignment were waived.  Adkinson v. State of Texas, 762 S.W.2d 255, 259 (Tex. App. – Beaumont 1988, pet. ref'd).  No point of error was found.

Pre-Trial Motions:

Aside from a request for an investigator and fees for same (CR, at pp. 16-19; 35-37), no discovery motions were filed on behalf of Appellant.  CR, at pp. 2-4.  The State did file a Discovery Receipt and a Discovery Evidence Notice (CR, at pp. 20; 31) indicating that Trial Counsel received discovery in the case prior to trial.  No objection to inadequate production was found in the record and nothing is preserved for review.  No potential error was found.

Voir Dire:

On 04-12-10, Trial Counsel participated in the voir dire examination of the jury panel and there was no interference with the examination by either the State or by the Trial Court.  RRVI, at pp. 42/1 -111/25; RRVLL, at pp. 40/1 -135/25; Tex. Code Crim. Proc., Art. 35.17.  Peremptory challenges were made by the State and Trial Counsel. Tex. Code Crim. Proc., Art. 35.14; 35.25; CR, at pp. 39 - 42; 45 - 48.  No objections were directed to the array (Tex. Code Crim Proc, Art.

7

35.07) or empanelment of the jury and nothing is preserved for review.

Appellant's Plea: Guilty:

The record reflects that the Appellant, joined by her Trial Counsel filed a "Waiver of Jury/Guilt Innocence Jury Request – Punishment Only" entering a guilty plea to the charge of murder and preserving her right to have the jury assess punishment. CR, at p. 30; **Tab C**. Further, A "Felony Agreed Plea Recommendation – No Appeal" was filed with the Clerk and recites the terms of an "Open Plea" CR, at pp. 28-29; **Tab B**.

Article 26.13 of the Texas Rules of Criminal Procedure sets forth that the Trial Court must substantially comply with the directives in Article 26.13 (a). Tex. Code Crim. Proc., Art. 26.13 (a) (1) through (6). Prior to accepting a plea of guilty (pertinent to the case at bar), the Trial Court must advise in part of the range of punishment; the nonbinding nature of the agreement as to the Trial Court; limited appellate rights if the agreement is followed or improved upon; the effect of non-citizenship. Id. Further, the Trial Court must be satisfied that the plea is free and voluntary and that the Defendant is mentally competent. Id., at Art. 26.13 (b).

Following the reading of the indictment, Appellant entered a plea of

8

"Guilty" in front of the Jury.    Specifically, the Trial Court had the following exchange, to-wit:

> THE COURT:  Ms. Barker, do you understand the nature of the charge against you?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:     How do you plead. Ma'am?
>
> THE DEFENDANT:  Guilty.
>
> THE COURT:  Not guilty.
>
> THE DEFENDANT:  Guilty.
>
> THE COURT:  All right. Let the record reflect I'll take judicial notice of all prior proceedings concerning the defendant and the actions of the court, as well as any plea that has been entertained.

RRVIII, at p. 5/14-25.

There appears to be substantial compliance with Article 26.13, and no point of error appears from the record.    (Please note: the Reporter references "proceedings on 10-08-14 and Volume V of the Reporter's Record carries the front-sheet copy of the Felony Plea agreement and the Docket Sheet references a plea hearing on 10-08-15 (CR, at p. 106); however, no  transcript of the plea hearing is contained in the appellate record.  At this time, based upon information from Trial Counsel, a formal plea hearing took place prior to trial, and Counsel is

expecting to confirm this through the Reporter. A motion to supplement the Reporter's Record is expected to be filed containing the record of the plea hearing, along with Appellant's supplemental Brief addressing same.)

Opening Statements:

The State presented a brief opening statement and the Appellant waived his opening statement. RRVIII, at pp. 6/5 – 19. A review of the opening reveals no offensive or improper statements that would be available for review in the absence of challenging objections: nothing is found for review.

Legal/Factual Sufficiency:

Generally, challenges to the sufficiency of evidence supporting a criminal conviction fall within one of two categories. First, the evidence can be legally insufficient thus rendering a conviction subject to reversal and vacation. For legal sufficiency, the evidence is viewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993). In regard to factual sufficiency review, the evidence is considered in a neutral light favoring neither party. Clewis v. State, 922 S. W. 2d 126, 134 (Tex. Crim. App.

1996); <u>Howard v. State</u>, 137 S.W. 3d 281, 285 (Tex. App, 2006, writ ref'd, n.r.e.).

However, in the present case wherein Appellant enters a plea of "guilty" before the jury, provided the plea is determined to be freely and voluntarily entered, then the State is freed from its obligation to prove the elements of the alleged offense. Specifically, Article 26.14 permits the jury trial to proceed to the punishment phase after a Defendant persists in pleading guilty. Tex. Code Crim. Proc., Art. 26.14. "A plea of guilty to a felony offense before a jury . . . is a unitary trial, not a bifurcated one. A plea of guilty to a felony before a jury admits the existence of all incriminating facts necessary to establish guilt. … Introduction of evidence by the State in a felony case involving a plea of guilty before the jury is to enable the jury to [assess the penalty]." <u>Wilkerson v. State of Texas</u>, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987); <u>Garza v. State of Texas</u>, 878 S.W.2d 213,216 (Tex. App. – Corpus Christi 1994, pet. ref'd) ("A plea of guilty to a felony charge before a jury amounts to an admission of all facts necessary to establish guilt . . ..").

The evidence appears to be sufficient to support the sentence. *See*, "Statement of Facts" above. The jury enjoys wide latitude in assessing punishment and was provided a range of from between 5 and 99 years, or life in

prison, and up to a $10,000.00 fine.

<u>Charge on Punishment</u>:

Following the presentation of evidence from the State and the defense, the Charge of the Court was prepared and both the State and Appellant had an opportunity to review and object thereto.  RRX, at pp. 1/12-17.  No objections were raised by the defense.  <u>Id.</u>

A review of the Charge indicates that the Trial Court properly advised the jury of the range of punishment for an allegation for murder.  RRX, at p. 6/9-14; **Tab D**; Tex. Penal Code, § 12.32.

<u>Verdict</u>:

Following the reading of the Charge of the Court and presentation of arguments from both parties, the jury deliberated and returned a verdict assessing a life sentence.  CR, at p. 61.  The verdict was signed by the foreperson and the jury indicated that the verdict was unanimous.  <u>Id.</u>; RRX, at p. 30/11-20.  The receipt of the verdict appears to be in order and there appears to be no violation of Article 37.04, Texas Code of Criminal Procedure.  Tex. Code Crim. Proc., Art.

37.04. The record is silent as to potential issues of jury misconduct and no issue is identified to support a claim of error.

Judgment:

Pursuant to Article 42.01, Texas Code of Criminal Procedure, and following the acceptance of the jury's verdict, the Trial Court entered a judgment accurately describing the charge and sentenced Appellant to the life sentence assessed by the jury and describing the $10,000.00 fine. CR, at pp. 64-65; **Tab E**; Tex. Code Crim. Proc., Art. 42.01. There does not appear to be a defect as to form or substance regarding the judgment that would support the presentation of a error.

Assistance of Counsel:

Appellant was entitled to legal representation in criminal prosecution pursuant to state and federal constitutional law and statutory law. United State's Constitution, 6th Amendment; 14th Amendment; Texas Constitution, Article 1, Section 10; Texas Code of Criminal, Art. 1.05. The right to counsel, as described in the state and federal constitutions, does not mean errorless counsel. *Ex Parte* Burns, 601 S.W. 2d 370, 372 (Tex. Crim. App. 1980); Howell v. State of Texas, 563 S.W. 2d 933 (Tex. Crim. App.). Further, the right to counsel has been determined to be sufficient if counsel provided "reasonably effective assistance." *Ex Parte*

13

Bratchett, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974). In Strickland v. Washington, the standard for review under Texas law of ineffective assistance of counsel requires 1) identification of the deficient acts or omissions on the part of his attorney; 2) demonstration that the acts or omissions were not the result of reasonable professional judgment; and 3) establishment that the acts or omission so prejudiced the Defendant that he was denied a fair trial. Medeiros v. State of Texas, 733 S.W. 2d 605, 607 (Tex. App. – San Antonio 1987). Using Garcia v. State as a guide, the Court of Criminal Appeals calls upon the Appellant to establish reversible ineffective assistance of counsel by demonstrating:

1) "defense counsel's performance fell below an objective standard of reasonableness, and

2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."

Garcia v. State, 57 S.W.3d at p. 436, 440 (Tex. Crim. App. 2001).

Reviewing the record as a whole, Trial Counsel appeared to be prepared and participated in both pre-trial and trial activities. Objections were urged in a timely fashion and arguments were made in the defense of the Appellant. A review of the record does not evidence conduct or lack of action on the part of Trial Counsel that would allow a reversible error to be presented for consideration. Trial Counsel

14

called several witnesses toward the end of describing spousal abuse, financial stress and drug and alcohol use on the part of the Decedent. Trial Counsel attempted to humanize the Appellant through descriptions of her charity, church activity and emotional and spiritual transformation while in jail pending trial for her husband's murder. *See*, Statement of Facts, above. The record does not support grounds that satisfy either Crawford prong, and no error was found to present as a basis of reversal or remand.

Summary:

Following review and consideration of pre-trial and trial activities before the Trial Court, there are no points of reversible error found.

Notice to Appellant:

Counsel hereby notifies Appellant that this Brief requests that the appeal be found to be frivolous and be dismissed. Along with the Brief, a motion to withdraw has been filed requesting permission of the appellate court for Counsel to withdraw from this case, that, if granted, would leave Appellant representing himself as a *pro se* litigant.

Counsel further advises Appellant that Appellant has a right to prepare and file a *pro se* Brief, meaning that Appellant can prepare and file with the appellate

court his own *pro se* Brief, under her own signature, pointing out to the appellate court any errors or problems she sees in the record or any reason why Appellant feels the appeal is not frivolous.

Counsel also advises Appellant of Appellant's right to review the record before filing a *pro se* Brief.

If Appellant desires to file a *pro se Brief* with the appellate court, then Appellant should immediately file a Motion for *Pro Se* Access to the Appellate Record with the appellate court. In the cover letter used to send Appellant a copy of this Brief, a form Motion for *Pro Se* Access to the Appellate Record is enclosed for this purpose. The form motion lacks only Appellant's signature and the date, and informs Appellant that, in order to preserve and pursue his right to review the appellate record, if Appellant chooses to invoke it, Appellant must sign and date the form motion and send it on to the court of appeals within ten days of the date of the letter used to send this information to Appellant.

Appellant is advised that if she presents a *pro Se* Brief or Motion for *Pro Se* Access to the Appellate Record to the appellate court [Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702, Attention: Cathy Lusk, Clerk], then she must also 1) provide a copy of his Brief to Counsel [Sten

Langsjoen, P.O. Box 539, Tyler, Texas 75710]; 2) provide a copy of her Brief to the State [Rachael Patton, West 6th Street, Rusk, Texas 75785]; and 3) include in her Brief a written statement ("Certificate of Service") that he sent copies of his Brief and/or Motion to Counsel and to the State.

IX.

Word Count Certificate:

Counsel certifies that WORD format character count is 3,932.

_____
STEN M. LANGSJOEN

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, Rebecca Barker, respectfully requests and prays that this matter be considered by the Court and that appointed counsel be allowed to withdraw herefrom and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

_____
STEN M. LANGSJOEN
Attorney for Appellant
P.O. Box 539
Tyler, Texas 75710-0539
Telephone:  (903) 531-0171
Telefax:  (903) 531-0187
TBA # 11922800


*e-mail***: sten@langsjoenlaw.com**


<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Appellant's Brief was delivered by certified mail, return receipt requested, and/or by "fax" transmission and/or by hand-delivery to the State's attorney on June 11, 2015.


_____
STEN LANGSJOEN

**APPENDIX**

Contents:

Indictment .................................................................................................... Tab A

Felony Agreed Plea Recommendation- No Appeal ............................................. Tab B

Waiver of Jury/Guilt Innocence Jury Request – Punishment Only ...................... Tab C

Jury Instruction (and Verdict) ........................................................................... Tab D

19

Judgment ............................................................................................ Tab E

Certification of Appeal .......................................................................Tab F

Motion for New Trial .........................................................................Tab G

Notice of Appeal................................................................................Tab H

NO. **19191**  BOND: $ *500,000⁰⁰*

**THE STATE OF TEXAS V.  REBECCA LYNN BARKER**
(SID#03591038)

CHARGE:  MURDER  F1
(TRN: 9211769655 A001)

COURT: DISTRICT

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURY, for the County of Cherokee, State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the January, Term A.D. 2014 of the Second Judicial District Court for said County upon their oaths present in and to said court at said term that Rebecca Lynn Barker, hereinafter defendant, on or about the 26TH day of February, 2014, and before the presentment of this indictment in the County and State aforesaid, did then and there intentionally or knowingly cause the death of an individual, namely, Jerry Barker, by shooting him with a firearm, or in the alternative,

that on or about the 26TH day of February, 2014, and before the presentment of this indictment in the County and State aforesaid, the defendant did then and there with intent to cause serious bodily injury to an individual, namely, Jerry Barker, commit an act clearly dangerous to human life that caused the death of said Jerry Barker, by shooting him with a firearm,

**AGAINST THE PEACE AND DIGNITY OF THE STATE,**

_____
**FOREPERSON OF THE GRAND JURY**

FILED
AT 12:08 O'CLOCK ___ M.
APR 28 2014
JANET CATES
CLERK DISTRICT COURTS
CHEROKEE COUNTY, TEXAS
BY ___ DEPUTY

SCANNED

12-14-00345
Barker v. State
Tab A

15

CAUSE NO: 19191

REBECCA LYNN BARKER
SID # 03591038
TRN# 9211769655 A001

IN THE SECOND JUDICIAL
DISTRICT COURT OF
CHEROKEE COUNTY, TEXAS

## FELONY AGREED PLEA RECOMMENDATION-NO APPEAL

| ☐ Plea Bargain or ☒ Open Plea | Offense: **MURDER** |
|---|---|
| Plea Date: October 8, 2014 | Offense Code: **19.02(b)(1) PC** |
| | Offense Date: 02-26-2014 |

**Range of Punishment**

☒ **First Degree** 5 years to 99 years or life/$10,000 fine     ☐ **Second Degree** 2 years to 20 years/$10,000 fine

☐ **Third Degree** 2 years to 10 years/$10,000 fine     ☐ **State Jail** 180 days to 2 years/$10,000 fine

☐ Reduced to the lesser included offense of _____ . A Class Misdemeanor or _____ Felony.

☐ State Jail to be treated as a misdemeanor Under 12.44(b)

☐ Pursuant to Tx. C. Cr. P 12.45 Indicted or Un-indicted cases taken into consideration;

☐ State Jail to be punished as misd. under 12.44(a)

☐ True pleas to enhancements or multiple Counts

☐ **Community Supervison** probated for
☐ **AGREED Time Credit:**

My signature below signifies my agreement to the plea bargained credit I will receive in this case.

☐ **Deferred Adjudication of Guilt** probation
☐ **TDCJ-ID** _____
☐ **TDCJ-State Jail**

☐ Standard Probation Terms

$____ Fine ($ ____ probated)

$____ Restitution to Victim

$____ Reimbursement County for _____

$____ Reimbursement to DPS Lab – Lab No:
TX Dept of Public Safety-Restitution Accounting
PO Box 4087
Austin, TX 78773-0130

____ Hours of Community Service

____ Jail time as a condition of probation

____ DL suspension length

☒ Reimbursement of Court Costs as determined by Court Clerk at the time of plea

☒ Reimburse for Court Appointed Attorneys Fees - (If applicable)
☐ Participate in the Corrective Actions
☐ Participate in a DWI Program
☐ Install ignition interlock for : Years ____ thru ____
☐ Participate in a Drug Offenders Program
☐ Required Sex Offenders Program, Conditions and Registration
☐ Complete the Intermediate Sanction Facility
☐ SAFPF as a condition of probation
☐ Defendant shall not own or possess a firearm
☐ Special: _____

_____
Defendant

_____
Defendant's Attorney

_____
State's Attorney

_____
Presiding Judge

FILED
AT ____ O'CLOCK ____ M.
OCT 8 2014
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

SCANNED

28

REBECCA LYNN BARKER - 19191

12-14-00345
Barker v. State

Tab B (p. 1 of 2)

**PUNISHMENT RECOMMENDATIONS:** Defendant has been told the full range of punishment for this case and any punishment recommendation of the State is not binding on the Court. If the Court does not follow the recommendation the Defendant will be allowed to withdraw any guilty plea and the case will be set for trial. If the Court follows the plea agreement and assesses the agreed punishment the defendant cannot appeal the case without the Court's permission unless based on motions previously filed.

**VOLUNTARINESS OF PLEA:** The Defendant hereby states that he is entering his plea of guilty / no contest, freely and voluntarily, and only because he is guilty. The Defendant confirms his/her attorney has explained this document, that he completely read and understands all the written waivers, stipulations and motions filed in connection with this plea, including those in this instrument, and that the execution of each was done freely, voluntarily, and intelligently. "If I have been convicted of an offense requiring sex offender registration, I fully understand my obligations under Chapter 62 of the Texas Code of Criminal Procedure and have been given a written explanation of the requirements."

STIPULATION OF EVIDENCE AND JUDICIAL CONFESSION

Defendant consents in writing and in open Court, waives the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of evidence in support of the judgment of the Court. Defendant waives the right to remain silent in both the guilt and innocence phases of trial. Defendant judicially confesses to the offense(s) alleged in the indictment or complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged. The defendant pleads true to enhancement allegations and special issues.

**WAIVER OF RIGHTS AND TIME LIMITS:** Defendant, in writing and in open Court, waives any and all rights and time limits (pre- and post-conviction) secured him by law, whether of substance, or procedure, and states that any error which may have been committed is harmless.

**WAIVER OF 10 DAYS:** The Defendant and his attorney, both in writing and in open Court, waives the 10 days preparation period provided in Art. 1.051.C.C.P. The Defendant in addition confirms that he is totally satisfied with the representation given him by his attorney and that his counsel was completely competent in every aspect of his representation.

**WAIVER OF TIME TO FILE MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT:** Defendant, after punishment has been assessed and sentenced has been imposed, in writing, and in open Court, waives the time provided in the Rules of Appellate Procedure, for filing of a Motion for New Trial, and further waives the time provided in the Rules of Appellate Procedure, for filing of a Motion in Arrest of Judgment.

**COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL**
This is a plea bargain case and the defendant has NO right of appeal. "I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

**WAIVER OF POST CONVICTION DNA TESTING:** Defendant waives all rights to post-conviction DNA testing as provided for in Chapter 64 of the Texas Code of Criminal procedure.

**WAIVER OF PRE-SENTENCE REPORT:** The Defendant agrees and requests a pre-sentence report not be made and the Defendant further expressly waives said report.

**NATURALIZATION WARNING:** I understand that if I am not a citizen of the United States of America, a plea of Guilty or Nolo Contendre for the offense charged may result in my deportation, and my exclusion for admission to this country or the denial of naturalization under Federal Law.

**ELIGIBILITY FOR PROBATION:** If applicable, the defendant says under oath he is eligible for probation having never been convicted of a felony in this state or any other state.

**DEFERRED ADJUDICATION:** Defendant has been warned as follows: "If the Court defers adjudication of your guilt and places you on probation, and later proceeds to an adjudication of your guilt, the Court may assess any punishment within the full range of punishment prescribed by law for the crime you were convicted. In the event a Motion to Proceed with adjudication is filed for violation of terms of probation, you will be entitled to a hearing limited to the determination by the Court of whether it should proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your appeal continue as if the adjudication of guilt had not been deferred. You may be arrested and detained upon violation of the terms of probation as provided in other cases of probation."

Defendant has been informed of his right to petition the court for an order of nondisclosure under Section 411.081, Government Code, unless otherwise ineligible.

**WAIVER OF READING OF PROBATION CONDITIONS:** I hereby waive the reading of the terms and conditions of probation. I understand the terms of probation will be reviewed with me by the Adult Probation Department, but I am responsible reading the order myself and complying with its terms and conditions. I agree *if* I violate any term or condition my probation can be revoked. I agree that if I have any questions about the order placing me on probation and its terms and conditions I will not execute or sign same until my questions are answered.

**WAIVER OF JURY:** Defendant in person in open Court, and joined by his attorney, and counsel for the State, waives the right of trial by jury afforded him under law Guilt Innocence only.

**DESTRUCTION OF EVIDENCE** Defendant agrees all evidence seized in connection with his case(s) may be destroyed without notice and waives Art. 38.43 TCCrP.

**DEFENDANT WAIVES ALL RIGHTS TO APPEAL**

x _Rebecca Baker_
DEFENDANT

x _____
DEFENDANT'S ATTORNEY

x _Rachel R Patton_
ASSISTANT DISTRICT ATTORNEY

SWORN TO AND SUBSCRIBED before me by the Defendant this the _10/08/2014_

_____
DEPUTY DISTRICT CLERK

*ORDER ACCEPTING PLEA/CERTIFICATION*

The Court then accepted the Defendant's plea, heard evidence and found the Defendant guilty. Punishment was assessed. The Defendant was admonished that he had 10 days in which to file a Motion for New Trial or Motion in Arrest of Judgment; the Defendant waived such time and requested to be sentenced immediately, and sentence was imposed. The Defendant was then informed that he had 30 days in which to file a Motion of Appeal and if indigent, counsel could be appointed and appeal. The Defendant then in open Court waived his right to appeal in writing. Defendant was admonished pursuant to TRAP 25.2(a)(2). The Court approves the written waiver of jury trial, all waivers of rights, and the defendant's judicial confession. Court orders destruction of evidence as agreed.

The Court finds the Defendant is mentally competent and that the foregoing plea of Guilty/Nolo Contendre is made freely and voluntarily. Therefore, the plea is accepted and the defendant sentenced in accordance with the plea bargain agreement and agreed punishment recommendation.

SIGNED IN OPEN COURT THIS DAY _____ (Date)

_____
DISTRICT COURT JUDGE PRESIDING                3 09

REBECCA LYNN BARKER - 19191

12-14-00345
Barker v. State

Tab B (2 of 2)

29

Cause 19191

FILED
AT ___ O'CLOCK ___ M.
OCT -8 2014
JANET GATES
CLERK, DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY ___ DEPUTY

STATE OF TEXAS                    364th Judicial District

V

REBECCA BARKER            Cherokee County Tx

WAIVER OF JURY / Guilt Innocence
Jury Request - Punishment Only

Comes Rebecca Barker, defendant and WAIVES her right to a jury on the issue of Guilt/innocence Only.

Rebecca Barker Asserts her right to a jury on the issue of punishment only.

[signature]
SBN 00788329
Attorney for defendant

task list:

Approved as to content:

[signature]
Rebecca Barker

12-14-00345
Barker v. State

Tab C

SCANNED

CAUSE NO. 19191

| THE STATE OF TEXAS | § | IN THE SECOND JUDICIAL |
| VS | § | DISTRICT COURT OF |
| REBECCA BARKER | § | CHEROKEE COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL

12-14-00345
Barker v. State

Tab D (P. 1 of 9)

SCANNED


## JURY INSTRUCTIONS

Members of the jury,

The defendant, Rebecca Barker has been found guilty of the offense of Murder as alleged in the indictment by this Court.

Both sides will soon present final arguments on sentencing. Before they do so, I must now give you the instructions you must follow in determining the defendant's sentence.

You will have a written copy of these instructions to take with you and to use during your deliberations.

First I will tell you about some general principles of law that must govern your decision of the case. Then I will tell you about the specific law applicable to this case. Finally, I will instruct you on the rules that must control your deliberations.

## GENERAL PRINCIPLES

### Jury as Fact Finder

As the jurors, you review the evidence and determine the facts and what they prove. You judge the believability of the witnesses and what weight to give their testimony.

In judging the facts and the believability of the witnesses, you must apply the law provided in these instructions.

### Evidence

In determining the sentence to be imposed on the defendant, you may take into

12-14-00345
Barker v. State

Tab D (2 of 9)

2

54

consideration all the evidence admitted before you. The evidence consists of the testimony and exhibits admitted in the trial. You must consider only evidence to reach your decision. You must not consider, discuss, or mention anything that is not evidence in the trial. You must not consider or mention any personal knowledge or information you may have about any fact or person connected with this case that is not evidence in the trial.

Statements made by the lawyers are not evidence. The questions asked by the attorneys are not evidence. Evidence consists of the testimony of the witnesses and materials admitted into evidence.

Nothing the judge has said or done in this case should be considered by you as an opinion about the facts of this case or influence you to vote one way or the other.

You should give terms their common meanings, unless you have been told in these instructions that the terms are given special meanings. In that case, of course, you should give those terms the meanings provided in the instructions.

While you should consider only the evidence, you are permitted to draw reasonable inferences from the testimony and exhibits that are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

You are to render a fair and impartial verdict based on the evidence admitted in the case under the law that is in these instructions. Do not allow your verdict to be determined

12-14-00345
Barker v. State

Tab D (3 of 9)

3

by bias or prejudice.

**Admitted Exhibits**

You may, if you wish, examine exhibits. If you wish to examine an exhibit, the foreperson will inform the court and specifically identify the exhibit you wish to examine. Only exhibits that were admitted into evidence may be given to you for examination.

**Testimony**

Certain testimony will be read back to you by the court reporter if you request. To request that testimony be read back to you, you must follow these rules. The court will allow testimony to be read back to the jury only if the jury, in a writing signed by the foreperson, (1) states that it is requesting that testimony be read back, (2) states that it has a disagreement about a specific statement of a witness or a particular point in dispute, and (3) identifies the name of the witness who made the statement. The court will then have the court reporter read back only that part of the statement that is in disagreement.

**Defendant's Right to Remain Silent**

The defendant has a constitutional right to remain silent. The defendant may testify on her own behalf. The defendant may also choose not to testify. The defendant's decision not to testify cannot be held against her, and it is not evidence of guilt. You must not speculate, guess, or even talk about what the defendant might have said if he had taken the witness stand or why he did not. The foreperson of the jury must immediately stop any juror from mentioning the defendant's decision not to testify.

12-14-00345
Barker v. State

Tab D (4 of 9)

4

### Assessing the Punishment

In arriving at the amount of punishment, you must decide the sentence by a full, fair, and free expression of the opinion of the individual jurors. You must not decide the sentence by lot or by chance. For example, you may not agree beforehand to be bound by the result of a procedure by which each juror gives the number of years the juror thinks should be served, these are then added, and the result is divided by twelve.

To reach a verdict, all twelve of you must agree.

## SPECIFIC LAW APPLICABLE TO THIS CASE

### Relevant Statutes

This offense is punishable by—

1.  a term of imprisonment for no less than five years and no more than ninety-nine years or for life, or

2.  a term of imprisonment for no less than five years and no more than ninety-nine years or for life and a fine of no more than $10,000.

### Verdict

You are therefore to determine and state in your verdict—

1.  the term in prison to be imposed on the defendant for no less than five years and no more than ninety-nine years or for life, or

12-14-00345
Barker v. State

Tab D (5 of 9)

5

57

2. the term in prison to be imposed on the defendant for no less than five years and no more than ninety-nine years or for life and a fine of no more than $10,000.

Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, she will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time she may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this Defendant if she is sentenced to a term of imprisonment because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time.

12-14-00345
Barker v. State

Tab D (6 of 9)

6

58

However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant. Such matters come within the exclusive jurisdiction of the Pardon and Parole Division of the Texas Department of Criminal Justice and the Governor of Texas.

## RULES THAT CONTROL DELIBERATIONS

You must follow these rules while you are deliberating and until you reach a verdict. After the closing arguments by the attorneys, you will go into the jury room.

The foreperson should conduct the deliberations in an orderly way. Each juror has one vote, including the foreperson. The foreperson must supervise the voting, vote with other members on the verdict, and sign the verdict sheet.

While deliberating and until excused by the trial court, all jurors must follow these rules:

1. You must not discuss this case with any court officer, or the attorneys, or anyone not on the jury.

2. You must not discuss this case unless all of you are present in the jury room. If anyone leaves the room, you must stop your discussions about the case until all of you are present again.

3. You must communicate with the judge only in writing, signed by the

12-14-00345
Barker v. State

Tab D (7 of 9)

7

59

foreperson and given to the judge through the officer assigned to you.

4.    You must not conduct any independent investigations, research, or experiments.

5.    You must tell the judge if anyone attempts to contact you about the case before you reach your verdict.

After you have arrived at your verdict, you are to use one of the forms attached to these instructions. You should have your foreperson sign his or her name to the particular form that conforms to your verdict.

After the closing arguments by the attorneys, you will begin your deliberations to decide your verdict.

Signed and entered this ____ day of ___November___, 2014.

_____
JUDGE PRESIDING

FILED
AT 2:13 O'CLOCK P.M.
NOV 14 2014
JANET BATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

12-14-00345
Barker v. State

Tab D (8 of 9)

8

CAUSE NO. 19191

| THE STATE OF TEXAS | § | IN THE SECOND JUDICIAL |
| VS | § | DISTRICT COURT OF |
| REBECCA BARKER | § | CHEROKEE COUNTY, TEXAS |

**VERDICT**

We, the jury, with the Court having found the defendant, Rebecca Barker, guilty of the offense of Murder, assess her punishment at: (select one)

_____ confinement by the Texas Department of Criminal Justice for a term of

_____ years and no fine.

_____ confinement by the Texas Department of Criminal Justice for a term of

_____ years and a fine of $_____.

_____ confinement by the Texas Department of Criminal Justice for life and no

fine.

✓ confinement by the Texas Department of Criminal Justice for life and a fine

of $ *10,000.⁰⁰*        .

*Malissa C. McDaniel*
Foreperson of the Jury

MALISSA C. McDANIEL
Printed Name of Foreperson

12-14-00345
Barker v. State

Tab D (9 of 9)

61



C. E NO. 19191    COUNT

INCIDENT NO./TRN: 9211769655 A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE SECOND JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| REBECCA LYNN BARKER | § | CHEROKEE COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03591038 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON.<br>BASCOM W. BENTLEY, III. | Date Judgment<br>Entered: | 11/14/2014 |
| Attorney for State: | RACHEL L. PATTON | Attorney for<br>Defendant: | ALLEN ROSS |

Offense for which Defendant Convicted:

**MURDER**

| | |
|---|---|
| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | **19.02(b)(1) Penal Code** |

Date of Offense:

**2/26/2014**

| | |
|---|---|
| Degree of Offense: | Plea to Offense: |
| **1ST DEGREE FELONY** | **GUILTY** |
| Verdict of Jury: | Findings on Deadly Weapon: |
| **N/A** | **N/A** |

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement<br>Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual<br>Paragraph: | **N/A** |
| Findings on 1st Enhancement<br>Paragraph: | **N/A** | Findings on 2nd<br>Enhancement/Habitual Paragraph: | **N/A** |

| | | |
|---|---|---|
| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
| **JURY** | **11/14/2014** | **11/14/2014** |

| | |
|---|---|
| Punishment and Place<br>of Confinement: | **LIFE   INSTITUTIONAL DIVISION, TDCJ** |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Attorney Fees | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ 10,000.00 | 5200 $ ~~N/A~~ | $ 2300 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

| | |
|---|---|
| Time<br>Credited: | **262** DAYS |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS**    NOTES: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Cherokee County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

12-14-00345

Barker v. State

Tab E (p. 1 of 2)

SCANNED 64

'The Court received the verdict and ORDERED it entered upon the minutes of the Court.

Punishment Assessed by Jury / Court / No election  (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

Punishment Options  (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the                . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Cherokee County, Texas on the date the sentence is to commence. Defendant shall be confined in the Cherokee County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the                . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Cherokee County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

Execution / Suspension of Sentence  (select one)

☐ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

Signed and entered on November 14, 2014

X _____
BASCOM W. BENTLEY, III.
JUDGE PRESIDING

Clerk: smb

FILED AT 11 O'CLOCK ___ M.
NOV 14 2014
JANET _____ ATES
CLERK DISTRICT COURT
CHEROKEE COUNTY, TEXAS
BY _____ DEPUTY

Right Thumbprint

12-14-00345
Barker v. State

Tab E (p. 2 of 2)

65

CAUSE NO. 19191

| THE STATE OF TEXAS | § | IN THE 2ND JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| REBECCA LYNN BARKER | § | CHEROKEE COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

[ ✓ ] is not a plea-bargain case, and the defendant has the right of appeals. [or]

[ ] is a plea-bargain case, but matters were raised by written motion filed and rules on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, and the defendant has NO right of appeal. [or]

[ ] the defendant has waived the right of appeal.

_____
JUDGE

11/14/2014
DATE SIGNED

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. Tex.R.App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney by written communication of my change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

12-14-00345
Barker v. State

Tab F (P. 1 of 2)

SCANNED

62

_Rebecca Barker_
**DEFENDANT**

**DATE SIGNED** 11/14/14

_[signature]_
**DEFENDANT'S COUNSEL**

**DATE SIGNED** 11/14/14

A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt; or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only; (A) those matters that were raised by written motion filed and rules on before trial, or (B) after getting the trial court's permission to appeal. TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

12-14-00345
Barker v. State

Tab F (p. 2 of 2)

NO. 19191

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| V. | § § § | CHEROKEE COUNTY, TEXAS |
| REBECCA LYNN BARKER | § § | 2nd JUDICIAL DISTRICT |

## MOTION FOR NEW TRIAL & REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Appointed-Counsel for the Defendant in the above styled and numbered cause and files this Motion for New Trial and Request for Hearing, pursuant to Rule 21 of the Texas Rules of Appellate Procedure, and for same would show unto the Court as follows:

I.

**General Contentions**:

Counsel for Defendant would show that the Trial Court should set aside her sentence for the reason that:

1) The **verdict was contrary to the law and facts** (Rule 21.3(h), TRAP).

II.

**Material Relied Upon**:

Counsel for Defendant relies upon the contents of the Court's file; the record in this case; and the information attached hereto or filed by supplement hereto, if any.

III.

**Authority For Motion**:

Rule 21 of the Texas Rules of Appellate Procedure provides that the Defendant must be granted a new trial upon a number of grounds including the ground described in Paragraph I above. Rule 21.3(b), (c), (e), and (h), Tex. Rules App. Proc.

12-14-00345
Barker v. State

Tab G (P. 1 of 6)

SCANNED 97

By filing this Motion for New Trial with the District Clerk of Cherokee County before the expiration of 30 days following the Trial Court's imposition of sentence in open court, this motion is timely filed pursuant to Rule 21.4(a). Rule 21.4(a), Tex. Rules App. Proc.

Further, Defendant herewith has filed a Request to Present his Motion for New Trial seeking to comply with the presentation requirement of Rule 21.6 of the Texas Rules of Appellate Procedure.

Based upon the foregoing, Defendant contends that this Motion is statutorily authorized and is timely presented to the Trial Court for consideration.

IV.

**Authority & Argument for Granting a New Trial:**

*Verdict was Contrary to the Law and Facts:*

Defendant would show that the evidence introduced insufficient evidence to support the life sentence assessed against Defendnazt following Defendant's plea of guilty of the murder charge as indicted.

For these reasons, Defendant requests that the Trial Court vacate the sentence against her and direct the Texas Department of Criminal Justice – Institutional Division to release Defendant into the custody of the Cherokee County Sheriff pending the completion of a retrial of the sentencing phase of the trial.

V.

**Request to Present:**

Counsel respectfully requests that the Trial Court allow this Motion to be presented for consideration.

12-14-00345
Barker v. State

Tab G ( p. 2 of 6)

2

98

## VI.

**Request for Relief**:

Defendant requests that the Trial Court 1) confirm presentment of this Motion for New Trial; 2) set this matter for hearing within 75 days of the date the judgment was entered in this matter; 3) consider the authority and argument of Trial Counsel; 4) vacate the sentence; and 5) grant Defendant a new trial on the issue of punishment.

## VII.

**Harm**:

In the event that the requested relief is not granted, Defendant's right to have a court of competent jurisdiction timely address her constitutional rights without her continued and lengthy imprisonment within the prison system maintained by the State of Texas. Defendant does not have the ability or means to secure her release from prison and she will be deprived of her liberty in as fashion that cannot be remedied through direct or indirect appeal. Defendant would show that denial of this requested relief will function to deprive Defendant of her rights guaranteed to him by the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 13, 19 and 29 of the Texas Constitution.

12-14-00345
Barker v. State

Tab G (p. 3 of 6)

3

99

## VIII.

**Conference**:

Prior to filing this Motion for New Trial, Counsel conferred with opposing counsel and this motion is presented as **OPPOSED.**

## IX.

**WORD Count Certificate**:

Counsel certifies that the WORD character count for this document is 794.

STEN LANGSJOEN

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will set this motion down for a hearing, allow Defendant to present evidence and following same that this Honorable Court order that the sentence assessed be set aside; order the Defendant to be released from custody of the Texas Department of Criminal Justice and placed under the custody of th Cherokee County Sheriff; schedule a re-trial by jury on this issue of punishment; and further, for all other relief, at law or in equity, to which the Defendant may show herself to be justly entitled.

12-14-00345
Barker v. State

Tab G (p. 4 of 6)

Respectfully submitted,

STEN M. LANGSJOEN
Attorney for Defendant
P.O. Box 539
Tyler, Texas 75702
Telephone: (903) 531-0171
Telefax: (903) 531-0187
SBN: 11922800

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was mailed by certified mail to the District Attorney's office or personally delivered on this 10th day of December, 2014.

STEN M. LANGSJOEN

12-14-00345
Barker v. State

Tab G (p. 5 of 6)

101

STEN M. LANGSJOEN

NO. 19191

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | CHEROKEE COUNTY, TEXAS |
| | § | |
| REBECCA LYNN BARKER | § | 2nd JUDICIAL DISTRICT |

## ORDER CONFIRMING PRESENTION OF MOTION FOR NEW TRIAL

On the 11th day of December 2014, came on to be considered Defendant's

and following consideration of same and in keeping with Rule 21.6 of the Texas

Rules of Appellate Procedure, the Trial Court hereby

_____ ✓ **confirms the presentation** of Defendant's Motion for New Trial.

_____ hereby will permit Defendant's Motion for New Trial to be presented
and heard within 75 days from the date when the Trial Court imposed
sentence against Defendant in open court.

SIGNED this 11th day of December, 2014.

_____
JUDGE PRESIDING

SUBMITTED on December 10, 2014, by:

_____
STEN M. LANGSJOEN

12-14-00345
Barker v. State

Tab G (p. 6 of 6)

FILED FOR RECORD
2014 DE 11 PM 2: 34

3

96

NO. 19191

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | CHEROKEE COUNTY, TEXAS |
| | § | |
| REBBECCA BARKER | § | 2nd JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, and files this Notice of Appeal and for same would show as follows, to-wit:

### I.

Defendant hereby provides the Court with notice of his desire to appeal the conviction and sentence entered in the subject cause for review by the Twelfth Court of Appeals and thereafter, if necessary by the Texas Court of Criminal Appeals.

### II.

WORD Count Certificate:

Counsel certifies that the WORD character count for this document is 203.

_____
STEN LANGSJOEN

12-14-00345
Barker v. State

Tab H

73